1  GEORGE S. CARDONA
   Acting United States Attorney
2  CHRISTINE C. EWELL
   Assistant United States Attorney
3  Chief, Criminal Division
   WENDY T. WU (Cal. Bar No. 242075)
4  Assistant United States Attorney
        1400 United States Courthouse
5       312 North Spring Street
        Los Angeles, California 90012
6       Telephone: (213) 894-0619
        Facsimile: (213) 894-0142
7       E-Mail:   Wendy.Wu@usdoj.gov

8  Attorneys for Plaintiff
   UNITED STATES OF AMERICA

9

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12

   UNITED STATES OF AMERICA,     )   Case No. 08-813-PSG
13                               )
                 Plaintiff,      )   GOVERNMENT'S SENTENCING POSITION
14                               )   REGARDING DEFENDANT ADONIS
                                 )   GLADNEY
15          v.                   )
                                 )   Sentencing Date: Sept. 16, 2009
16                               )   Sentencing Time: 1:30 p.m.
   ADONIS GLADNEY,               )
17                               )
                 Defendant.      )
18  _____)

19

20       Plaintiff United States of America, by and through its

21  counsel of record, Assistant United States Attorney Wendy T. Wu,

22  hereby respectfully files its sentencing position regarding

23  defendant Adonis Gladney ("defendant").

24       The government's sentencing position is based upon the

25  attached memorandum of points and authorities, the files and

26  records in this case, the Presentence Report, and any other

27  evidence or argument that the Court may wish to consider at the

28  time of sentencing.

1        The government reserves the right to file any supplemental

2   sentencing position(s) as may be necessary.

3

4   Dated: September 9, 2009        Respectfully submitted,

5                                   GEORGE S. CARDONA
                                    Acting United States Attorney
6
                                    CHRISTINE C. EWELL
7                                   Assistant United States Attorney
                                    Chief, Criminal Division
8

9                                      /s/
                                    _____
10                                  WENDY T. WU
                                    Assistant United States Attorney
11
                                    Attorneys for Plaintiff
12                                  UNITED STATES OF AMERICA

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

On May 14, 2009, a jury convicted defendant Adonis Gladney of violating 18 U.S.C. § 1341 (mail fraud) and 17 U.S.C. § 1201(a)(1)(A) (the anti-circumvention provision of the Digital Millenium Copyright Act).  The jury also entered a special verdict of forfeiture in the amount of $28,300, as the total amount of proceeds from defendant's criminal activities.

At trial, the jury found that defendant sold, without authorization, Microsoft software and licenses that he falsely represented were authorized for sale and installation on multiple computers.  Given that the Court is well aware of the facts and evidence in this case based on previous briefing and after evaluating the evidence presented at trial, a detailed recitation of the case is not necessary for purposes of sentencing. However, it is important to note that despite the overwhelming evidence of defendant's guilt, he has neither expressed remorse nor accepted responsibility for his conduct.

In the Presentence Report ("PSR"), the United States Probation Office ("USPO") calculated defendant's total offense level as 22, based on a total infringement amount of $815,776. (PSR ¶¶ 31, 40.)  The government concurs that the software infringed by defendant includes the Microsoft software licenses sold to the United States Marine Corps and the FBI undercover agent in 2005 and 2006, as well as the counterfeit software possessed by defendant in his business/residence during the execution of the search warrant.  In its calculation, however, the USPO inadvertently omitted the value of the Microsoft

1

software licenses sold to the FBI.  As discussed below, the total
infringement amount should be $862,001, to include the retail
value of the Microsoft software sold to the FBI.

The government respectfully requests that the Court adopt
the following U.S. Sentencing Guidelines ("U.S.S.G." or
"Guidelines") calculations set forth by the USPO in the PSR for
defendant Gladney:

Base Offense Level:     8     [U.S.S.G. § 2B1.1/2B5.3]

Specific Offense Characteristics:

Loss more than
$400,000            :     +14  [U.S.S.G. § 2B1.1(b)(1)(H)]

The government has no objection to the USPO's criminal
history calculation, namely, a criminal history category of I.
Accordingly, the total offense level is 22, and the corresponding
advisory Guidelines range is 41 to 51 months.  The government
disagrees with the PSR's recommendation for a below-Guidelines
sentence of 27 months because such a lenient sentence would not
fulfill the factors set forth in 18 U.S.C. § 3553(a) under these
circumstances.  The government concurs that a total fine of
$7,500 is appropriate in this case.

Accordingly, the government submits that a sentence of 41-
months of imprisonment followed by a three-year period of
supervised release with the conditions listed in the PSR is
necessary and appropriate given the facts of this case.

///
///
///
///

## II.   GOVERNMENT'S SENTENCING POSITION AND RECOMMENDATION

**A.   A SENTENCE OF 41 MONTHS IS APPROPRIATE UNDER THE SENTENCING
FACTORS SET FORTH IN 18 U.S.C. § 3553(a).**

The government believes that the factors set forth in 18
U.S.C. § 3553(a) support the recommended sentence of 41 months of
imprisonment.

1.   18 U.S.C. § 3553(a)(1)

A sentence of 41 months, at the low end of the advisory
Guidelines range, reasonably reflects the nature and
circumstances of the offense and defendant's history and
characteristics.  18 U.S.C. § 3553(a)(1).

The evidence at trial showed that defendant, through a
business he owned known as AG Solutions PC or Above Ground
Solutions, sold Microsoft software and licenses that he falsely
represented were authorized for sale and installation on multiple
computers.  (PSR, ¶ 13.)  Defendant did not, in fact, have
authorization or a license to sell any Microsoft products.  (Id.)
As part of his scheme to defraud customers seeking to purchase
volume license software, including the U.S. Marine Corps and the
FBI, defendant sold software CDs with non-authentic product
activation key codes that allowed customers to access and install
the software on multiple computers.  (PSR, ¶ 14.)  The product
key code is a technology that Microsoft utilizes to control and
protect its copyrighted work.  (PSR, ¶ 10.)  The product key code
that defendant attached to Microsoft products he sold to the
Marine Corps and the FBI did not legitimately belong to him; they
were either fraudulently obtained or created by using a key-code
generating computer program.  (PSR, ¶ 14.)  The retail value for

the 750 purportedly authorized user licenses sold to the U.S.
Marine Corps was approximately $374,250 (PSR, ¶ 40), and the
retail value of the software licenses sold to the FBI was
approximately $46,225.

Upon executing the search warrant at defendant's
business/residence on April 19, 2006, FBI agents seized, among
other things, more than 800 Microsoft software products that
included software CDs, licenses, product key codes, and complete
software packages.  (<u>Id.</u>)  Defendant did not have authorization
from Microsoft to sell any of its products.  Microsoft
subsequently determined that approximately 334 of the seized
products were counterfeit, with a total retail value of $441,526.
(PSR, ¶ 31.)  Defendant's possession of the large quantity of
counterfeit and unauthorized software is relevant conduct because
it is part of defendant's same course of conduct or common scheme
to as the offenses of conviction.  (PSR, ¶ 34.)  Therefore, the
estimated total infringement amount in this case is $862,001.[1]
As noted by the USPO:

> Considered in aggravation, <u>Gladney appears to have been
> involved in the sale of counterfeit or unauthorized
> software, licenses and key codes</u> *for nearly four years*
> prior to a search warrant being executed at his
> business/residence by the [FBI].  In addition, Gladney
> was warned about his conduct several times in letters
> sent to him by Microsoft regarding his sale of illegal
> or unlicensed software prior to his arrest.  However,
> these letters did little to slow or deter his conduct.

---

[1]  In the event that the Court finds that defendant should
be held accountable for only the infringement amount relating to
the Microsoft software sold to the U.S. Marine Corps and the FBI,
which is $420,475, this amount does not conflict with USPO's
recommended Guidelines calculations, as it still corresponds to a
14-level adjustment for loss exceeding $400,000 pursuant to
U.S.S.G. § 2B1.1(b)(1)(H).

4

USPO Recommendation Letter, at 4 (emphasis added).

While defendant does not have any criminal history points, his overall conduct reflects a deliberate disregard for the law. Defendant also has not shown any acceptance of responsibility for his actions. (PSR at ¶¶ 28-31.) Indeed, during his presentence interview with the USPO and in his sentencing position, defendant continues to assert that he has not violated any laws and maintains that the this case was a part of racially-motivated conspiracy between the government and Microsoft. See USPO Recommendation Letter, at 4; PSR, ¶¶ 28, 31. Defendant also was not forthcoming about his current financial condition and failed to identify to the USPO several properties that he had owned in the last few years. See USPO Recommendation Letter, at 4-5; PSR, ¶¶ 87-88. Moreover, despite claiming that his software business grossed $1.5 million a year before it was shut down, defendant has not filed an income tax return since 2005. See USPO Recommendation Letter, at 6; PSR, ¶¶ 65, 80, 88. Defendant's continued denial of any wrongdoing, even after his convictions at trial, and his refusal to cooperate with the USPO demonstrate a complete lack respect for the law and a lack of insight into his criminal conduct.

As noted by the USPO, defendant has offered no mitigating information with regard to his background or the offense. See USPO Recommendation Letter, at 5. Therefore, nothing in the PSR justifies the downward variance recommended by the USPO. Accordingly, the government submits that the nature of defendant's conduct in this offense and defendant's characteristics warrant a sentence of 41 months of imprisonment.

2.    <u>18 U.S.C. § 3553(a)(2)</u>

18 U.S.C. § 3553(a)(2) requires the Court to consider, among
other factors, the need for the sentence to reflect the
seriousness of the offense, to promote respect for the law, to
provide just punishment for the offense, to afford adequate
deterrence to criminal conduct, and to protect the public from
further crimes of defendant.

These factors also support the government's recommendation
for the 41-month sentence and three-year period of supervised
release.  Given his lack of insight into his criminal conduct,
defendant is likely to engage in sale of unauthorized or
counterfeit software after he is released from custody.  The
government respectfully submits that a sentence of 41 months
would appropriately reflect the seriousness of the crime and
promote respect for the law, and is sufficiently adequate to
deter defendant and others from future criminal conduct without
being greater punishment than necessary.

3.    <u>THE REMAINING 3553(a) FACTORS ALSO SUPPORT THE SENTENCE
REQUESTED BY THE GOVERNMENT</u>

Section 3553(a)(3) requires the Court to consider the kinds
of sentences available.  The recommended sentence of 41 months is
reasonable given that the statutory maximum for mail fraud is 20
years, or 240 months, and the statutory maximum for violation of
17 U.S.C. § 1201(a)(1)(A) is five years, or 60 months, of
imprisonment.

Section 3553(a)(4) requires the Court to consider the
guidelines sentencing range.  The advisory guidelines range for a
total offense level of 22 is 41 to 51 months.  The recommended

6

sentence of 41 months, at the low end of the guidelines range, is
appropriate in light of the factors under 18 U.S.C. § 3553(a).

Section 3553(a)(6) requires the Court to minimize sentencing
disparity among similarly situated defendants.  Using the
advisory guidelines range accomplishes this goal.

Accordingly, the factors set forth in 18 U.S.C. § 3553(a)
justify and support the imposition of a sentence of 41 months.

**B.    RESTITUTION**

Section 3553(a)(7) requires the Court to consider
restitution.  Defendant should pay restitution to Microsoft, the
victim of the offenses.  There is no dispute that defendant sold,
without authorization, 750-user volume licenses for Microsoft
Office 2003 Professional software to the Marine Corps, and
another 25-user licenses for Microsoft SQL Server 2000 Standard
Edition software to the FBI.  Microsoft replaced the unauthorized
software sold by defendant to the Marine Corps and thereby made
the Marine Corps whole.  To date, the government has not received
information from Microsoft regarding the loss it sustained as a
result of defendant's misconduct.  The government will continue
to work with the USPO and Microsoft to obtain this information
before the sentencing hearing.

///
///
///
///
///
///
///

7

### III.   <u>CONCLUSION</u>

For all the foregoing reasons, the government respectfully recommends that the Court impose a sentence of 41-months of imprisonment, followed by a three-year period of supervised release, a fine of $7,500, a special assessment of $400, and restitution as determined at a later date.


DATED: September 9, 2009          Respectfully submitted,

                                  GEORGE S. CARDONA
                                  Acting United States Attorney

                                  CHRISTINE C. EWELL
                                  Assistant United States Attorney
                                  Chief, Criminal Division


                                  ____/s/_____
                                  WENDY T. WU
                                  Assistant United States Attorney

                                  Attorneys for Plaintiff
                                  United States of America

8